IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| AIWA TROUTMAN,<br><br>         Plaintiff,<br><br>   v.<br><br>UNUM LIFE INSURANCE COMPANY OF AMERICA,<br><br>         Defendant.<br>_____/ | No. C-04-0889 MMC<br><br>**ORDER GRANTING IN PART AND DENYING IN PART PLAINTIFF'S MOTION TO DETERMINE SCOPE OF REVIEW; VACATING HEARING**<br><br>(Docket No. 43) |

     Before the Court is plaintiff Aiwa Troutman's Motion to Determine Scope of Review, filed June 15, 2007. Defendant Unum Life Insurance Company of America ("Unum") has filed opposition to the motion; plaintiff has filed a reply. Having considered the papers filed in support of and in opposition to the motion, the Court finds the matter appropriate for decision without oral argument, see Civil L.R. 7-1(b), hereby VACATES the July 27, 2007 hearing, and rules as follows.

**BACKGROUND**

     Plaintiff is insured under a policy of disability insurance ("Policy") issued by Unum as part of an employee benefit plan offered by her employer. (See Amended Complaint ("AC") ¶ 1.) Plaintiff alleges that on June 21, 2000, she became disabled, see id. ¶ 3), as the result of slipping and falling on stairs while she was at work, (see Green Decl. Ex. B at U/A

0045, 0071).

On July 9, 2002, Unum denied plaintiff's claim for disability benefits under the Policy, on the ground that plaintiff's medical "records on file did not adequately support a severity in [her] condition or continuous impairment throughout [her] 90 day elimination period," and that "[t]here was a lack of objective findings and diagnostic evaluation to support a serious injury or significant pathology." (See id. at U/A 0390-91.) By letter dated July 24, 2002, plaintiff appealed the denial of her claim. (See id. at U/A 0395.) In a letter dated August 30, 2002, Unum upheld the denial. (See id. at 0400-03.) Plaintiff continued to dispute Unum's decision and submitted additional information regarding her claim. (See id. at 0418, 0420-21, 0427, 0431-32, 0441.) In a letter dated June 24, 2003, Unum informed plaintiff that it had received and reviewed the additional information she had submitted, but that its decision to deny benefits was final. (See Allyn Decl. Ex. 2 at 0470-71.)

On March 4, 2004, plaintiff filed the instant action for disability benefits pursuant to the Employee Retirement Income Act of 1974 ("ERISA"), and, in particular, 29 U.S.C. § 1132.

## DISCUSSION

### A. Plan Language

Under ERISA, "a denial of benefits . . . is to be reviewed under a de novo standard unless the benefit plan gives the administrator or fiduciary discretionary authority to determine eligibility for benefits or to construe the terms of the plan." Firestone Tire and Rubber Co. v. Bruch, 489 U.S. 101, 115 (1989). "[I]f the plan does confer discretionary authority . . . then the standard of review shifts to abuse of discretion." Abatie v. Alta Health Life Ins. Co., 458 F.3d 955, 963 (9th Cir. 2006) (en banc). "[F]or a plan to alter the standard of review from the default of de novo to the more lenient abuse of discretion standard, the plan must unambiguously provide discretion to the administrator." See id.

Both parties agree that the language of the Plan grants Unum discretionary authority. The Plan provides: "In making any benefits determination under this policy, [Unum] shall have the discretionary authority both to determine an employee's eligibility for

2

1 benefits and to construe the terms of this policy." (See Green Decl. Ex. A at U/A 0333.)
2 This language is sufficient to unambiguously grant Unum discretionary authority to construe
3 the Plan's terms. See, e.g., Jordan v. Northrop Grumman Corp. Welfare Benefit Plan, 370
4 F.3d 869, 875 (9th Cir. 2003) (finding language granting administrator "discretion to
5 construe and interpret the terms of the Plan" sufficient to grant discretionary authority"); see
6 also Friedrich v. Intel Corp., 181 F.3d 1105, 1110 n.5 (9th Cir. 1999) (finding language
7 granting administrator "sole discretion to interpret the terms of the Plan" sufficient to grant
8 discretionary authority).

9 Accordingly, the Court will review for abuse of discretion Unum's denial of plaintiff's
10 claim.

11 **B.  Conflict of Interest**

12 Plaintiff argues that the Court, in reviewing Unum's denial of benefits for abuse of
13 discretion, should apply "heightened scrutiny and an appropriate level of skepticism," (see
14 Motion at 1:23), because of a conflict of interest arising from Unum's dual roles as
15 administrator and funder of the Plan.

16 "Abuse of discretion review applies to a discretion-granting plan even if the
17 administrator has a conflict of interest." Abatie, 458 F.3d at 965. Nonetheless, "the
18 existence of a conflict of interest is relevant to how a court conducts abuse of discretion
19 review." See id. "[I]f a benefit plan gives discretion to an administrator or fiduciary who is
20 operating under a conflict of interest, that conflict must be weighed as a 'facto[r] in
21 determining whether there is an abuse of discretion.'" Firestone, 489 U.S. at 115 (quoting
22 Restatement (Second) of Trusts § 187 cmt. d (1959)).

23 "[A]n insurer that acts as both the plan administrator and the funding source for
24 benefits operates under what may be termed a structural conflict of interest." Abatie, 458
25 F.3d at 965. Unum concedes that it "has a 'structural conflict' since it is both the claims
26 review fiduciary and the claims payor." (See Opp. at 5:9-10.) Accordingly, the Court will
27 consider Unum's conflict of interest as a factor in conducting its review for abuse of
28 discretion. See Firestone, 489 U.S. at 115.

1         Where, as here, the insurer acts under such conflict of interest, the Court must conduct abuse of discretion review "informed by the nature, extent, and effect on the decision-making process of any conflict of interest that may appear in the record." See Abatie, 458 F.3d at 967.  "The level of skepticism with which a court views a conflicted administrator's decision may be low if a structural conflict of interest is unaccompanied, for example, by any evidence of malice, of self-dealing, or of a parsimonious claims-granting history."  Id. at 968.  "A court may weigh a conflict more heavily if, for example, the administrator provides inconsistent reasons for denial, fails adequately to investigate a claim or ask the plaintiff for necessary evidence, fails to credit a claimant's reliable evidence, or has repeatedly denied benefits to deserving participants by interpreting plan terms incorrectly or by making decisions against the weight of the evidence in the record."  Id. at 968-69 (internal citations omitted).  In weighing the impact of a conflict of interest on a decision to deny a claim for benefits, a district court "is making something akin to a credibility determination about the insurance company's or plan administrator's reasons for denying coverage under a particular plan and a particular set of medical and other records."  See id. at 969.

          Plaintiff states in her motion that she intends to offer evidence outside the administrative record to show the impact of Unum's conflict of interest, and identifies certain categories of evidence upon which she intends to rely.  As plaintiff points out, although "a district court may review only the administrative record when considering whether the plan administrator abused its discretion," the district court "may, in its discretion, consider evidence outside the administrative record to decide the nature, extent, and effect on the decision-making process of any conflict of interest."  See id. at 970.  Because plaintiff does not argue how such evidence demonstrates that Unum's conflict of interest affected its decision to deny her claim, and because, in any event, the impact of a conflict of interest requires consideration of issues intertwined with the merits of the claim, see id. at 968-69, the Court does not reach at this time the issue of the admissibility of and/or weight to be given to any particular offer of evidence outside the administrative record.  The parties may

address the relevance, or lack thereof, of any such evidence in connection with their upcoming motions on the merits of plaintiff's claim.

## CONCLUSION

For the reasons set forth above, plaintiff's motion is hereby GRANTED in part as follows: The Court will review for abuse of discretion Unum's denial of plaintiff's claim for disability benefits, taking into consideration Unum's conflict of interest as one factor in determining whether Unum abused its discretion; in that regard, the Court will consider evidence outside the administrative record to the extent such evidence is relevant as to the nature, extent, and impact of Unum's conflict and is otherwise admissible under the rules of evidence. In all other respects, the motion is DENIED without prejudice as premature.

This order terminates Docket No. 43.

**IT IS SO ORDERED.**

Dated: July 23, 2007

MAXINE M. CHESNEY
United States District Judge